The Honorable James P. Donohue

09-CR-00271-PLAGR

FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 17 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | ) | NO.   CR09-271JPD |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | PLEA AGREEMENT |
| PETER R. MICHAELS, | ) | |
| Defendant. | ) | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Tessa M. Gorman, Assistant United States Attorney for said District, Defendant, PETER R. MICHAELS, and his attorney, Michael Filipovic, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.  **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Information.

   a.   Bank Embezzlement, in violation of Title 18, United States Code, Section 656.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty,

PLEA AGREEMENT/*United States v. Michaels* - 1
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. <u>Elements of the Offense</u>. The elements of the offense of Bank Embezzlement as charged in the Information are as follows: (1) the defendant was an employee of a bank; (2) the defendant knowingly and willfully embezzled or misapplied funds or credits belonging to the bank or entrusted to its care; (3) the defendant acted with the intent to injure or defraud the bank; and (4) the bank was federally insured.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense charged in the Information is imprisonment for up to one (1) year, a fine of up to one hundred thousand dollars ($100,000.00), a period of supervision following release from prison of not more than (1) year, a term of probation of not more than five (5) years, and a twenty-five dollar ($25.00) special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

PLEA AGREEMENT/*United States v. Michaels* - 2
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

  a. The right to plead not guilty and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury of his peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on his behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in

PLEA AGREEMENT/*United States v. Michaels* - 3
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 similar conduct who have similar records. Accordingly, Defendant understands and
2 acknowledges that:

3     a.    The Court will determine his applicable Sentencing Guidelines range
4 at the time of sentencing;

5     b.    After consideration of the Sentencing Guidelines and the factors in
6 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the
7 maximum term authorized by law;

8     c.    The Court is not bound by any recommendation regarding the
9 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines
10 range offered by the parties or the United States Probation Department, or by any
11 stipulations or agreements between the parties in this Plea Agreement; and

12     d.    Defendant may not withdraw a guilty plea solely because of the
13 sentence imposed by the Court.

14     6.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or
15 guaranteed what sentence the Court will impose.

16     7.    <u>Restitution</u>. Defendant shall make restitution to KeyBank, NA in the amount
17 of Nine Thousand Dollars ($9,000), with credit for any amounts already paid. Said
18 amount shall be due and payable immediately and shall be paid in accordance with a
19 schedule of payments as proposed by the United States Probation Office and ordered by
20 the Court.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

PLEA AGREEMENT/*United States v. Michaels* - 4
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    8.    Statement of Facts. The parties agree on the following facts. Defendant
2    admits he is guilty of the charged offenses.

> Between on or about July 2006, and on or about September 20, 2006, at Seattle, within the Western District of Washington, defendant PETER R. MICHAELS, being a bank employee, that is, a teller, at KeyBank, NA, with the intent to injure and defraud the bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, did knowingly and willfully embezzle and misapply moneys, funds, and credits that had been entrusted to the care and custody of the bank in an amount totaling Nine Thousand Dollars ($9,000); in that, during the time period described above, defendant PETER R. MICHAELS, without authorization and on a number of occasions, took a total of $9,000.00 from his cash box, and thereafter used the funds for his own benefit and purposes.
>
> To conceal his theft, MICHAELS used a false number on his balance sheet at the end of the day. On September 29, 2006, MICHAELS confessed to bank authorities that he had taken the money and on October 5, 2006, MICHAELS repaid KeyBank the $9,000.00 he had stolen.

10.   Loss Amount  For purposes of determining the appropriate sentence, the United States and Defendant agree that the amount of loss is Nine Thousand Dollars ($9,000).

11.   Sentencing Factors. The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a.   A base offense level of 6, pursuant to USSG § 2B1.1(a)(2);

   b.   A 2-level upward adjustment because the loss amount was greater than $5,000, but not more than $10,000, pursuant to USSG § 2B1.1(b)(1)(B);

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining his Sentencing Guidelines range.

12.   Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of

PLEA AGREEMENT/*United States v. Michaels* - 5
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

13. <u>Acceptance of Responsibility</u>. The United States agrees that if Defendant enters his plea by the close of business on August 17, 2009, and Defendant thereafter qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), the government, at the time of sentencing, will recommend that Defendant's total offense level be decreased by two (2) levels pursuant to USSG §§ 3E1.1(a), because Defendant has clearly demonstrated acceptance of responsibility for Defendant's offense. The government will further recommend a sentence at the low end of Defendant's applicable guidelines range.

14. <u>Waiver of Appeal</u>. As part of this Plea Agreement, and in exchange for the government's agreement not to pursue a felony charge in this case, and on the condition that the Court imposes no custodial sentence or a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. any right conferred by Title 18, United States Code, Section 3742, to appeal the sentence, including any restitution order imposed; and

    b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally

PLEA AGREEMENT/*United States v. Michaels* - 6
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant has waived any objection to the reinstitution of any charges in the Information that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, he should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable Sentencing Guidelines range.

16. <u>Voluntariness of Plea</u>. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

17. <u>Statute of Limitations</u>. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea

PLEA AGREEMENT/*United States v. Michaels* - 7
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

18. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 17th day of August, 2009.

_____
PETER R. MICHAELS
Defendant

_____
MICHAEL FILIPOVIC
Attorney for Defendant

_____
TESSA M. GORMAN
Assistant United States Attorney

PLEA AGREEMENT/*United States v. Michaels* - 8
(CR09-271JDP)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970